Here the first case now, Carr v. Cumberland. Good morning, your honors, and may it please the court, Jeffrey Zimring for the Howard Carr Company's Doing Businesses, the Howard Group. In the decision under review in this case, the district court ends with the statement that plaintiff has attempted to relitigate the same claim against the same parties in the very same federal judicial district after losing on appeal. With due respect to district court, I don't believe that statement is entirely accurate. This case was filed the first time in Albany County's Supreme Court and removed to district court. The dismissal of that first case carries with it the same preclusive effect that that dismissal would have carried had it been issued by the New York State Court. When we filed the second action, again, it was in the Supreme Court. And under New York law, that was a permissible refiling of the case. And when it was, again, removed to district court, district court was required to respect that New York rule, allowing it to be refiled. Much of the appellee's arguments in this case center on why Rule 51B of the Federal Rules of Civil Procedure should apply. And I believe that the issue is fairly simple, or I should say fairly clear, in that the issue is whether New York law determines the preclusive effect of this case, of this dismissal, or federal law applies the law of preclusion. And it is, according to the Supreme Court, that New York law should apply. Well, can I ask you, so putting aside preclusion for a moment, wouldn't Federal Rule 41B apply just of its own force? And don't we know from SEMTEC that the rule prevents litigants from coming back to the same court with the same claim? Wouldn't that operate even regardless of what New York state would do in terms of preclusion? Well, Your Honor, under SEMTEC, when the district court dismissed the case the first time, it could only give the preclusive effect that New York law would have precluded. And SEMTEC makes clear that in these situations, Rule 41B doesn't apply. But Rule 41B does not apply. Why would that be?  Because that's what Justice Scalia said in SEMTEC. He said the uniform federal rule is going to be the rule that is applied by state courts. And he very clearly pointed out why. Don't we also learn from that case that Rule 41B itself contains a rule of procedure that says you can't come back and file the same claim in the same federal court? Well, Your Honor, again, SEMTEC says it doesn't apply in this case because I didn't file it in federal court. And the second time I filed it, it was not filed in federal court. I get that point. But Rule 41B is about the dismissal, right? It says the dismissal shall be considered to be on the merits, right? So why shouldn't we look at the way it was dismissed in federal court the first time around, as opposed to the way it was filed? Again, I go back to SEMTEC. When it was dismissed in federal court, the dismissal is only what state court would have provided. And New York law says it's preclusive only to the issues that were actually decided. All right, well, so it's true that the New York state cases seem to say that when there is a pleading mistake, it should be without prejudice to bring another claim. But the New York Court of Appeals has also said that a decision does have preclusive effect if it was intended to bring the action to a final conclusion. And so in this first dismissal, wasn't it pretty clear that the district court wanted to bring the action to a final conclusion? Why wouldn't that mean that New York would be the preclusive effect to a future claim? Well, I don't think it is that clear at all, Your Honor. In the first dismissal, the district court went on to explain why our cause of action, had it been properly pled, would survive a motion to dismiss. In that, the defendant could be held to account. Didn't the district court also say he didn't think that you could properly plead it? And in fact, our court, I think, on appeal from that court, said that was tantamount to a finding of futility, that you just couldn't bring the claim properly. And so therefore, it was proper for the district court to do it without prejudice. Isn't that correct? I'm sorry, I think if you read the district court decision in the first case very carefully, there were three issues that it addressed. The first issue was whether or not real property law 442D applies. We contended it did not. The district court disagreed and your court disagreed. The second thing, the second issue that was actually decided was did we properly satisfy rule 442D? We said we did, district court said we didn't, your court agreed with that. Those were the two issues that were actually decided. So under New York law, the issue of whether 442D applied is conclusively decided and the new complaint does address that. With respect to futility, the district court did not deny leave to amend because of a finding of futility. It just said we hadn't given it information. We didn't state that we did. And this court agreed with that, that the reason it was denied leave to amend was because we did not give it a complaint. You don't think the district court essentially determined that it didn't believe that that information was available. You think it was just a purely procedural decision that you failed to bring it forward? Yes, your honor, I believe that's exactly the case that there was no decision made on that. So I believe that under the circumstances, like I said, the first two issues are the only ones that were decided with preclusive effect under New York law. But of course, our decision that it was tantamount to a finding of futility would not make sense in that context because futility, repeating it's only futile if the facts are not available. Well, again, this court affirmed the decision, said that the district court had two valid reasons for not giving leave to amend. And that was because we didn't attach it, nor did we state. All right, thanks very much. Thank you. Thank you. Is there other judges who have questions? Yes, this is Judge Kastman. Judge Kastman, if you'd help me understand this, you, as I understand it, framed the dismissal of the first litigation as owing to a mere pleading defect. But if it were a mere pleading defect, wouldn't you just filed an amended complaint in the first litigation correcting the defect? As I understand- Well, we asked- Can I finish? I'm sorry. As I understand, you chose instead to do a specific narrow claim for quantum merit compensation as a non-licensed broker and litigated that claim through judgment and appeal. How can that possibly be considered a mere pleading defect? Well, Your Honor, we never did argue that it was a non-licensed. We acknowledged that we didn't plead the licensure of the Howard Carr Companies, but we've never once asserted that we were proceeding as a non-licensed party. Our claim in the first case was that because of the nature of the claim, specifically quantum merit, that it didn't matter whether or not they were licensed. And that real property law 442D just didn't apply. And so the issue that was decided in the first case was that yes, 442D applied regardless of the nature of how we were proceeding on relief. And therefore, in order to proceed, we had to plead and ultimately we will have to prove that Howard Carr Companies is a licensed entity. And so- The scenario is a mere pleading defect. You know, what's the limiting principle? This scenario is a mere pleading defect. Why doesn't that mean that literally any dismissal can be, at least in theory, be chalked up as a pleading defect? In other words, it's a losing party. It pleaded it better. They wouldn't have lost. What's the limiting principle? Well, your honor, I think the New York law has addressed that. There was the Yonkers Contracting Company case that was decided in Judge Hurd's decision. And in that case, there was a condition precedent that the plaintiff, actually it was a counterclaim plaintiff defendant in the main action, didn't satisfy. And therefore, by failing to satisfy the condition precedent, that rendered the first decision a decision on the merits. And so I think similarly- Citing Yonkers- Citing Yonkers- Sorry? Citing, when you cite Yonkers, I'm not sure how that helps you under New York preclusion law. Because maybe I've misunderstood, but I understood the New York Court of Appeals to hold that claim preclusion applied because the first litigation was decided on the merits. In this case is different, your honor, because the failure to satisfy a condition precedent is, that's a substantive difference. Here we had a pleading defect in that we didn't plead something that we should have. But in that case, they didn't. And in fact, in the second case, the one that was dismissed on claim preclusion grounds in the Yonkers case, it specifically noted that it was a different kind of dismissal. It was a dismissal on the merits because of the condition precedent. And they actually had to perform another act to satisfy that condition precedent. And by the time they had done that, the time period to commence the claim had passed. Thank you. Judge Park? No questions, thank you. Well, now you'll have, Mrs. Imring, you'll have two minutes for rebuttal. We'll hear now from your adversary, Mr. Rubin. Good morning. I may have pleased the court, Daniel Rubin, Gervin and Palazzo for Appellee's Fumbling Arms and First Hartford Realty Corporation. In considering this matter, your honors, it is essential to understand that we are not here because of a mistake, a misunderstanding about the law or because appellant, a council litigant, lacked the skill and knowledge to understand the pleading requirements for federal procedure rules applicable to the underlying case. We are here because appellant made a conscious, tactical decision not to comply with black letter pleading requirements, not to abide by the district court's local rules or Rule 11B in the last litigation, despite having every opportunity to do so. The salient fact is that appellant deliberately pursued a litigation strategy described by Judge Hurd as doing its level best not to plead that it was a duly licensed real estate broker in the first litigation. And as a result, it is barred from trying again. Appellant's best argument that Semtec requires this court to apply, I'm sorry, are you all able to hear me? Yes. Okay. Yes. Appellant's best argument that Semtec requires this court to apply New York procedural law and that it is permissible under New York law to refile an action dismissed solely for pleading defects is fatally flawed. This argument ignores the fact that appellant's case was dismissed because of pleading defects and its deliberate decision not to follow the local rules or comply with Rule 11B in dealing with the court the first go around. It also ignores the fact that under New York law, a dismissal issued with prejudice and denying leave to amend is entitled to residue to ACADA effect, whereas here it is intended to bring the litigation to its end.  because Semtec explicitly forbids a litigant from refiling the same claim against the same parties in the same federal judicial district. And its application to this case would have been contrary to the district court's interest in policing the integrity of its own docket. Judge Heard made it eminently clear. I'm sorry, your honor, my two minutes is up. I'm happy to keep going or answer questions, whatever the court would prefer. Sure. So you don't dispute that New York, that we should apply New York law here, right? Well, your honor, I think that regardless of whether you should, the outcome is the same. In other words, I think there are grounds. But you said a moment ago that it's because Howard Carr made a deliberate strategic decision and also there was a pleading defect. So if they had failed to plead a license, but it wasn't clear that it was a deliberate decision, would the result be different? Like your argument depends on the idea that it was deliberate? Your honor, my argument is that under New York law, let's say you decide Semtec applies and you would like to apply New York law. In New York, where a judge intends to bring litigation to its end because of the behavior of the parties, for example, that decision is entitled to preclusive effect under New York law. And so- Well, what do you do with all the New York state cases where they say that dismissals when the pleading is deficient should be without prejudice to renew? My apologies, your honor. I would point you directly to the cases that Mr. Zimring cited, Hodges and Avins. Those cases specifically say that where there's no other evidence that the court intended the decision to be dismissed with prejudice. There's no question in this case that Judge Heard intended this case to be dismissed with prejudice. He tells us so explicitly in unequivocal terms in Howard Carr III, the underlying decision on appeal. So we know that he intended- But in the New York state cases, if a court said, I intend this to be dismissed with prejudice, but in fact, the rule is that if it's a pleading defect, it should be without prejudice. Don't some of those cases get reversed by New York appellate court? So I would make two points there, your honor. Number one, this case was not decided in state court. It was decided in federal court and Judge Heard was operating under the federal rules of procedure. So it's very, for him to have said it's with prejudice or without prejudice in the decision wouldn't have made a lot of sense because 41B does that for him. But he goes on to point out in his decision, your honor, that when he said, I'm denying leave to amend and I am closing this case, that was the signal to the parties that I intended this case to be dismissed with prejudice. And the other thing that I'd point you to is 5013, which is the civil procedural rule that appellant is really relying on. That case says that, it's not a dismissal with prejudice unless the court says otherwise, which explicitly permits the court. I understand that. Can I just ask you, so I know that you think that New York would give preclusive effect, but if we were to conclude that it didn't, does rule 41B just apply of its own force because it says you can't file the same, the same claims in the same federal district court? I think that's a perfectly appropriate reading of rule 41B and of- Now if rule 41B applied in that way, but it contradicted the state law, why wouldn't it violate the Rules Enabling Act because it abridges your right to file a lawsuit that state law otherwise would give you? There is a footnote in Semtec, which says that we're not deciding today whether or not a decision issued on the merits under the, in the way that we have discussed above would violate the Rules Enabling Act if there were a contrary state law. And if you put 41B next to 5013, I think that's exactly what they're talking about there. So that would be one reason. And I don't think Semtec reaches that conclusion. And I think here again, Judge Hurd does a very nice job of saying, you know, we're not gonna do, we're not gonna, we can't look at this in the counterfactual scenario where the federal court was required to apply the state civil procedural rules. But the other thing that Semtec very clearly says is that where it would be contrary to the district court's interest in policing its own docket, Semtec doesn't apply. And I think that's an independent reason to go back to the federal rules of civil procedures and look at this case in the way it was actually decided. It didn't follow the rules. They did it on purpose. They had every opportunity to amend. They didn't take advantage of any of those. So, sorry, are you suggesting that the federal court's right to control its docket would override the state's interest in its preclusion law if there were a conflict between the two? I am, Your Honor. And in fact, the New York State Court of Appeals said as much in Paramount in 2019. They acknowledged that Semtec said that and they acknowledged that it might occur. And you see that in other federal courts all over the country where litigants will ignore other procedural rules or will ignore orders that the courts will say. In that case, our interest in policing our own docket overrides the state's preclusion law. All right. Thanks very much. This is Judge Katzen. So I take it that your view that this case can really be resolved by applying docker's contracting. Yes, Your Honor. Go ahead. I'm sorry, Your Honor. And that the simplest way to resolve this case from your perspective is to hold that because Carr chose strategically to follow a specific claim and litigated that claim all the way through judgment and appeal. The first litigation was dismissed on the merits for the purpose of claim preclusion and not merely for a bleeding defect. Is that correct? Yes, Your Honor. I agree with that statement. So there is some pause perhaps that as your exchange with Judge Manasci indicated that the dismissal of the first docker's contracting litigation expressly said that it was with prejudice while this one did not. But your view is that that ultimately is not critical to your position. Go ahead, I'm sorry. I was just gonna say, yes, Your Honor. I agree with you there. It's not critical, but it's also important to note in this case that it would be weird for Judge Hurd to have said the decision is with dismissal because under the rules he was operating that's included by not saying it. And the other thing is we know for a fact that Judge Hurd intended that decision to be issued with prejudice because he's told us so again below. And also, you know, completely ignored by appellants, but this court has already held that he should not be given the opportunity to replete. And so it's your view that the fact that Judge Hurd denied the leave to amend the prior litigation furthers your argument that the district court intended to bring the litigation to a conclusive ending. Yes, Your Honor. Judge Hurd stated that, and this is actually very helpful. If you go back to Hodge and Avins, which are the two appellate level cases that appellant is relying on from New York state court, those cases say where there's no other evidence that the judge intended the decision to be issued with prejudice. So here on top of the judge telling us he intended it to be issued with prejudice, he denied leave to amend in the first decision and he asked the court to close the case. And that's the other evidence that's not present in some of the other cases where it's unclear to the court whether the initial trial court intended the decision to be issued with prejudice. This is also a unique situation in that Judge Hurd is deciding the case full time. So there really can't be much doubt about what he intended. Thank you. Thank you. Judge Park. Thank you, Your Honor. No questions. Thank you. Two minutes for rebuttal. Thank you, Your Honors. Briefly, the evidence that everybody is looking for in the first decision that it was intended to be with the merits is because the second time Judge Hurd said, because that's what I meant. I don't think that that is evidence in that the evidence has to come from the first decision. With respect to the Paramount case, that case was decided under federal law because it contained a mix of federal and state law claims. This case does not. It only contains state law claims. As far as, we didn't disobey an order of the court that as far as policing the docket, we didn't disobey a discovery error, a discovery order or any other kind of order. We just are doing a second go around. And then finally, and I'll conclude with this. The appellees state that this court or this result would have been exactly the same had it been brought in state court. If that were true, then bringing this matter to federal court is unnecessary. It's superfluous if state court would have given us the same result. But the fact is, is they did bring it to federal court by removing it because they believed that they could talk Judge Hurd into a different result. And indeed they did. And if district court's decision is allowed to stand, then the result will be exactly the kind of result that the courts in Erie, Simtec and all the other, in their progeny, they were trying to avoid in diversity cases such as this. If there are no questions, I'll yield the rest of my time. Thank you. Thank you both for your arguments, decision.